

FILED

NOT FOR PUBLICATION

JUN 07 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

QUANTUM TECHNOLOGY
PARTNERS II, L.P., a Delaware limited
partnership,

　　　　　　Plaintiff - Appellant,

　v.

ALTMAN BROWNING AND
COMPANY, an Oregon corporation;
BAKER GROUP LLP; KAY E.
ALTMAN, an individual; MICHAEL J.
BAKER, an individual; DAVID M.
BROWNING, an individual; DOES, 1
through 20; APEX DRIVE
LABORATORIES, INC., nominal
defendant, a Delaware corporation,

　　　　　　Defendants - Appellees.

No. 10-35162

D.C. No. 3:08-cv-00376-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 3, 2011
Portland, Oregon

Before:　**KOZINSKI**, Chief Judge, **TASHIMA** and **IKUTA**, Circuit Judges.

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** There is complete diversity between the parties. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

**2.** While the bylaws of a Delaware corporation "are a contract between the corporation and its stockholders," Kidsco Inc. v. Dinsmore, 674 A.2d 483, 492 (Del. 1995), Quantum didn't cite any authority holding that shareholders can sue each other for breach of such bylaws. We conclude they cannot.

**3.** Quantum didn't allege facts showing that the representations about Altman Browning & Company (ABCo)'s capabilities were false or misleading when Browning and Baker made them to Dickman. See Yourish v. Cal. Amplifier, 191 F.3d 983, 993 (9th Cir. 1999). The falsity of the statements can't be inferred from ABCo's failure to meet the milestones in the agreement with Apex. See Commc'ns Grp., Inc. v. GTE Mobilnet of Or., 871 P.2d 502, 504 (Or. Ct. App. 1994); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548–49 (9th Cir. 1994) (en banc).

**4.** Dickman's email to Apex's largest shareholder, which predicted that Quantum's suit would make "Apex's and possibly [the shareholder's] fund raising somewhat radioactive," causing Apex not to "survive[]" for very long, is strong

evidence that Quantum's interests diverged from those of Apex's other shareholders.  See Emerald Partners v. Berlin, 564 A.2d 670, 673–74 (Del. Ch. 1989).  The district court didn't abuse its discretion in finding that Quantum wasn't an adequate shareholder representative.  See Fed. R. Civ. P. 23.1.

**5.**  Quantum can't claim demand futility because it made demand on Apex's board of directors.  See Spiegel v. Buntrock, 571 A.2d 767, 775 (Del. 1990).  Apex's Special Investigation Committee (SIC), which had "sole authority" to investigate Quantum's allegations, concluded that the "ultimate outcome" of the challenged board actions "was fair to [Apex]," and that "the diversion of resources to pursue litigation . . . would surely cripple [Apex]."  (Emphasis added.)  This conclusion isn't subject to judicial review, id. at 778, and Quantum hasn't alleged facts indicating that the SIC's investigation was deficient, see Grimes v. DSC Commc'ns Corp., 724 A.2d 561, 565 (Del. Ch. 1998); see also Levine v. Smith, 591 A.2d 194, 214 (Del. 1991), overruled on other grounds by Brehm v. Eisner, 746 A.2d 244, 253–54 (Del. 2000).

**AFFIRMED.**